**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ERIC Y. KIZIRIAN, SB# 210584
  E-Mail: Eric.Kizirian@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Tel: 213.250.1800; Fax: 213.250.7900

Attorneys for Defendant,
GC SERVICES LIMITED PARTNERSHIP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY CAHILL, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>VS.<br><br>GC SERVICES LIMITED PARTNERSHIP & DOES 1-10,<br><br>DEFENDANTS. | CASE NO. '17CV1176 GPC MDD<br><br>[SAN DIEGO SUP. CT. CASE NO. 37-2017-00015181-CU-MC-CTL]<br><br>**DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL OF CLASS ACTION** |

4817-3759-1114.2

PLEASE TAKE NOTICE that Defendant GC SERVICES LIMITED PARTNERSHIP ("Defendant"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California, for the County of San Diego, to the United States District Court for the Southern District of California, Southern Division, under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of this Notice of Removal, Defendant states:

## INTRODUCTION

1. On April 26, 2017, Plaintiff TIFFANY CAHILL ("Plaintiff"), sued Defendant, alleging (1) violation of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 632.7 and (2) a state law cause of action for "invasion of privacy intrusion into private affairs," in the Superior Court of California, for the County of San Diego, styled *TIFFANY CAHILL, individually and on behalf of others similarly situated v. GC SERVICES LIMITED PARTNERSHIP & DOES 1-10* (Case No. 37-2017-00015181-CU-MC-CTL) ("Complaint").

2. The U.S. Supreme Court recently affirmed that a defendant need only plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant only needs to file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U. S. C. §1446(a)).

3. As more fully set out below, this case is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because Defendant has satisfied the venue and procedural requirements for removal, and because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

## BASIS FOR REMOVAL

4. *Timeliness*. Defendant was served with a Summons and a copy of Plaintiff's Complaint on May 12, 2017. Therefore, Defendant received a copy of the document from which it was ascertained that the case is removable, at the

earliest, on May 12, 2017. Defendant therefore files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b). A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A.**

5. *Removal to Proper Court.* The Superior Court of the State of California, for the County of San Diego, is located in the Southern District of California, Southern Division. 28 U.S.C. § 84(d). This Court is part of the district and division in which the action was filed – San Diego County, California. Venue is therefore proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district. *See also* 28 U.S.C. § 1446(a).

6. *Procedural Requirements.* A true and correct copy of all "process, pleadings, orders," and other filings in the state court suit are attached to this notice as required by 28 U.S.C. § 1446(a). See **Exhibit A** hereto. As required by 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending and will serve on all counsel of record a true and correct copy of this Notice of Removal.

7. No previous application has been made for the relief requested herein.

8. This case is subject to removal under the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA").

9. Removal is proper because this is a putative class action in which (1) there are 100 or more members in Plaintiff's proposed class, (2) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (3) at least some members of the proposed class have a different citizenship from Defendant. Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(d) and 1453(b).

10. *Class Action Consisting of More Than 100 Members.* Plaintiff alleges "[t]he membership of the entire Class is currently unknown to Plaintiff at this time;

however, given that, on information and belief, Defendant called *thousands* of class members . . . ." Exhibit A, Complaint at ¶ 36 (emphasis added). Based on this allegation, the aggregate number of class members in Plaintiff's proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

11. *Amount in Controversy.* The amount in controversy in this action exceeds the $5,000,000 jurisdictional minimum under CAFA (28 U.S.C. §§ 1332(d)(2), 1332(d)(6)) because Plaintiff alleges (1) the proposed class includes at least "thousands of class members" (Exhibit A, Complaint at ¶ 36) and (2) "Plaintiff and Class Members are entitled to recovery [*sic*] actual and statutory damages in the amount of $5,000.00 per violation of Cal. Pen. Code § 632.7" (Exhibit A, Complaint at ¶ 52). Defendant disputes that the proposed class could ever be certified or that Defendant is liable for any of the claims Plaintiff asserts in the Complaint.

12. *Diversity of Citizenship.* Plaintiff, a member of the proposed class, is a citizen of California (Exhibit A, Complaint at ¶ 9), and the only Defendant in this action is a citizen of Delaware, the state in which Defendant was organized, and Texas, where Defendant has its principal place of business (*id.* at ¶ 10). The diversity of citizenship between Plaintiff (California) and Defendant (Delaware and Texas) therefore satisfies the minimal-diversity requirement of CAFA, which requires only that the citizenship of "any member of a class" be diverse from "any defendant." 28 U.S.C. § 1332(d)(2)(A).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## PRAYER FOR RELIEF

For these reasons, Defendant respectfully requests removal of this action from the Superior Court of the State of California, for the County of San Diego, bearing case number 37-2017-00015181-CU-MC-CTL, to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

DATED: June 12, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP


By: */s/ Eric Y. Kizirian*
    Eric Y. Kizirian
    Attorneys for Defendant,
    GC SERVICES LIMITED
    PARTNERSHIP

# FEDERAL COURT PROOF OF SERVICE

Cahill v. GC

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On June 12, 2017, I served the following document(s): DEFENDANT, GC SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL OF CLASS ACTION

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Joshua B. Swigart, Esq.<br>Yana A. Hart, Esq.<br>Hyde & Swigart<br>2221 Camino Del Rio South, Ste. 101<br>San Diego, CA 92108<br>Email: josh@westcoastlitigation.com<br>Email: vana@westcoastlitigation.com | Abbas Kazerounian, Esq.<br>Jason A. Ibey, Esq.<br>Kazerouni Law Group, APC<br>245 Fischer Avenue<br>Costa Mesa, CA 92626<br>Email: ak@kazlg.com<br>Email: Jason@kazlg.com |

Daniel G. Shay, Esq.
Law Office of Daniel G. Shay
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Email: danielshay@tcpafdcpa.com

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 12, 2017, at Los Angeles, California.

_____
Cynthia Snyder

4817-3759-1114.2

DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL OF CLASS ACTION